## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF TEXAS

REDIET W. SHIFERAW, A# 206 931 504,

  13625 Village Gate Place
  Midlothian, VA 23114

MILLION H. HAILEMICHAEL, A# 209 486
322,

  13625 Village Gate Place
  Midlothian, VA 23114

  Plaintiffs,

v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

Serve:  U.S. Citizenship & Immigration
       Services
       5900 Capital Gateway Dr
       Camp Springs, MD 20588

UR MENDOZA JADDOU, Director of the
United States Citizenship and Immigration
Services,

Serve:  U.S. Citizenship & Immigration
       Services
       5900 Capital Gateway Dr
       Camp Springs, MD 20588

and,

JOHN M. ALLEN, Director of the Texas
Service Center of the United States Citizenship
and Immigration Services,

Serve:  John M. Allen

Case No. 3:22-cv-479

USCIS
6046 N Belt Line Rd
Irving, TX 75038

Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFFS' APPLICATION TO ADJUST STATUS

Plaintiffs Rediet W. Shiferaw and Million H. Hailemichael respectfully request a hearing before this Honorable Court to make a determination on Plaintiffs' applications to adjust status, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiffs' long-delayed applications to adjust status.

### PARTIES

1.      Plaintiffs Rediet W. Shiferaw and Million H. Hailemichael are citizens of Ethiopia.

2.      Defendants granted asylum to Plaintiff Rediet W. Shiferaw on October 11, 2016.

3.      Rediet W. Shiferaw filed a timely I-485 Application for Adjustment of Status on May 4, 2018.  Defendants assigned Receipt Number SRC1890432151 to Plaintiff's case.

4.      Million H. Hailemichael filed a timely I-485 Application for Adjustment of Status on April 5, 2019.  Defendants assigned Receipt Number SRC1990312144 to Plaintiff's case.

5.      USCIS completed the fingerprinting and photographing of Rediet W. Shiferaw and Million H. Hailemichael as part of the processing of the pending applications.

6.      Since then, the Defendants have taken no action on the pending adjustment application. The Defendants have refused and continue to refuse to conduct an interview on the cases.

7.      Since Rediet W. Shiferaw and Million H. Hailemichael filed the applications with USCIS, Plaintiffs have made repeated requests to have their cases finally adjudicated.

8.      Despite numerous calls to USCIS and Plaintiffs' attempts to prompt movement on the case, Rediet W. Shiferaw and Million H. Hailemichael's applications to adjust status has remained pending far longer than is reasonable.

9.      USCIS has refused to adjudicate Rediet W. Shiferaw and Million H. Hailemichael's applications in accordance with applicable legal criteria.

10.     Plaintiffs bring this action to compel the USCIS to finally adjudicate the pending applications as required by law.

11.     Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing adjustment of status applications.

12.     Defendant Ur Mendoza Jaddou, Director of the USCIS, is the highest ranking official within the USCIS. Jaddou is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Jaddou is sued in an official capacity as an agent of the government of the United States.

13.     Defendant John M. Allen is the Director of the USCIS Texas Service Center and is sued only in an official capacity, as well as any successors and assigns. The Texas Service Center is the office in which Plaintiffs' cases are currently pending. Allen is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. John M. Allen is sued in an official capacity as an agent of the government of the United States.

**JURISDICTION AND VENUE**

14.     This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus

Act, 28 USC § 1361.

15.    Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants maintain offices within this district.

**FIRST CLAIM FOR RELIEF**
**(Agency Action Unlawfully Withheld and Unreasonably Delayed)**

For the first claim for relief against all Defendants, Plaintiffs allege and state as follows:

16.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

17.    The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."   5 U.S.C. § 555(b).   Section 555(b) creates a non-discretionary duty to conclude agency matters.  *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991).  A violation of this duty is a sufficient basis for mandamus relief.

18.    The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

19.    Plaintiffs allege that the applications have been in administrative processing beyond a reasonable time period for completing administrative processing of the adjustment of status application.

20.    The combined delay and failure to act on Rediet W. Shiferaw and Million H. Hailemichael's adjustment of status applications is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

21.    There are no alternative adequate or reasonable forms of relief available to Plaintiffs.

22.    Plaintiffs have exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the USCIS via phone and InfoPass appointments.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For the second claim for relief against all Defendants, Plaintiffs allege and state as follows:

23.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

24.    The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution.  Plaintiffs may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

25.    The combined delay and failure to act by Defendants has violated the due process rights of Plaintiffs.

26.    The combined delay and failure to act by Defendants has irrevocably harmed Plaintiffs in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S. and in various other ways.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Rediet W. Shiferaw and Million H. Hailemichael request the following relief:

1.    That this Honorable Court assume jurisdiction over this action;

2.      That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Rediet W. Shiferaw and Million H. Hailemichael's applications to adjust status within sixty days;

3.      That this Honorable Court take jurisdiction of this matter and adjudicate Rediet W. Shiferaw and Million H. Hailemichael's applications to adjust status pursuant to this Court's declaratory judgment authority;

4.       That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Rediet W. Shiferaw and Million H. Hailemichael;

5.      That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiffs the cause and nature of the delay and inform Plaintiffs of any action they may take to accelerate processing of the applications to adjust status;

6.      Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

7.      Such other and further relief as this Honorable Court may deem just and proper.


**RESPECTFULLY SUBMITTED**
**March 1, 2022**


***/s/ James O. Hacking, III***
James O. Hacking, III
Hacking Immigration Law, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFFS**